UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

SEP 3 0 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| VS. | § § | **H-04-3808** |
| W-INDUSTRIES LIMITED, L.P., a/k/a W-INDUSTRIES L.L.C. | § § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination and to provide appropriate relief to Brion Wilson ("Wilson"), who was adversely affected by Defendant's unlawful employment practices. While employed by W-Industries Limited, L.P., a/k/a W-Industries L.L.C., Mr. Wilson was transferred and then terminated because he opposed employment practices reasonably believed to be unlawful under Title VII and because he filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  Venue is appropriate in this court.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII , and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4.     Defendant, W-Industries Limited, L.P., a/k/a W-Industries L.L.C ("Defendant"), is a Texas limited partnership. Defendant is now doing business (and has continuously been doing business) in the State of Texas, Harris County, and the city of Houston, and has continuously had more than 15 employees at all times relevant to this cause of action.

5.     Defendant may be served with process by serving its registered agent T.L. Lynn, 11500 Charles Road, Houston, Texas, 77041.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Mr. Wilson filed with the Commission a charge alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled, including the filing of a timely charge of employment discrimination, and an attempt to conciliate the matter.  Mr. Wilson filed

an initial charge of discrimination with the Commission on May 19, 2003, and an amended
charge on October 1, 2003.

8.      In May 2003, Defendant engaged in unlawful employment practices in violation
of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

9.      From the time Mr. Wilson began his employment with Defendant in August
1998 through May 2003, co-workers and supervisors subjected him to unwelcome vulgar
comments, sexual propositions and touching of a sexual nature.

10.     Mr. Wilson opposed the practices identified in the preceding paragraph, which he
reasonably believed to be unlawful under Title VII, through informal protests and internal
complaints to supervisors and members of management.

11.     On May 13, 2003, Mr. Wilson was escorted off of a work site in Aransas Pass,
Texas by Defendant's Superintendent Donald Thomas.

12.     Defendant claims Mr. Wilson had become too vocal about the fact he had a
lawyer assisting him with a sexual harassment complaint against the company.

13.     On May 19, 2003, Mr. Wilson filed a Charge of Discrimination with the Equal
Employment Opportunity Commission alleging discrimination on the basis of his sex, male.

14.     On May 20, 2003, Defendant called Mr. Wilson back to work, but reassigned him
to a less desirable position in its fabrication shop in Houston, Texas.

15.     On May 22, 2003, Mr. Wilson was terminated due to his opposition to what he
believed were unlawful employment practices and his filing of a Charge of Discrimination with
the Equal Employment Opportunity Commission.

16.     The effect of the practices complained of in the preceding paragraphs has been to

3

deprive Mr. Wilson of equal employment opportunities and otherwise adversely affected his status as an employee because he acted in opposition to what he reasonably believed were unlawful employment practices.

17.     The effect of the practices complained of in the preceding paragraphs has been to deprive Mr. Wilson of equal employment opportunities and otherwise adversely affected his status as an employee because he filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

18.     The unlawful employment practices of which the Commission complains in the preceding paragraphs were intentional.

19.     The unlawful employment practices complained of in the preceding paragraphs were done with malice or reckless indifference to the federally protected rights of Mr. Wilson.

**PRAYER FOR RELIEF**

20.     Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant W-Industries Limited, L.P., a/k/a W-Industries L.L.C., and its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any unlawful retaliation against individuals who oppose employment practices reasonably believed to be unlawful under Title VII, or against individuals who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII.

B.     Order Defendant W-Industries Limited, L.P., a/k/a W-Industries L.L.C., to institute and carry out policies, practices, and programs which provide

4

equal employment opportunities for employees who oppose employment practices reasonably believed to be unlawful under Title VII and employees who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII.

C.    Order Defendant W-Industries Limited, L.P., a/k/a W-Industries L.L.C., to make whole Mr. Wilson by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to reinstatement, or, in the alternative, to provide front pay.

D.    Order Defendant W-Industries Limited, L.P., a/k/a W-Industries L.L.C., to make whole Mr. Wilson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs.

E.    Order Defendant W-Industries Limited, L.P., a/k/a W-Industries L.L.C., to make whole Mr. Wilson by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

F.    Order Defendant W-Industries Limited, L.P., a/k/a W-Industries L.L.C., to pay Mr. Wilson punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

5

G.     Grant such further relief as the Court deems necessary and proper in the

public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C.  20507

By: _Aimee McFerren_
Aimee McFerren
Attorney-in-Charge
Kentucky Bar No.: 89912
SDN: 36953
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209- 3323
Fax: (713) 209-3402

6

OF COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION HOUSTON DISTRICT OFFICE

By: _____
Jim Sacher
Regional Attorney

By: _____
Rose Adewale-Mendes
Supervisory Trial Attorney

ATTORNEYS FOR PLAINTIFF

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
W-INDUSTRIES LIMITED, L.P., a/k/a W-INDUSTRIES L.L.C.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Aimee McFerren, Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3323

FILED
SEP 30 2004
Michael N. Milby, Clerk of Court

**H-04-3808**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[] 2 U.S. Government Defendant
[] 3 Federal Question (U S Government Not a Party)
[] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The unlawful practices included transferring and terminating employee Brion Wilson because he opposed employment practices reasonably believed to be unlawful under Title VII and because he filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [] 610 Agriculture | [] 422 Appeal 28 USC 158 | [] 400 State Reapportionment |
| [] 120 Marine | [] 310 Airplane | [] 362 Personal Injury—Med Malpractice | [] 620 Other Food & Drug | [] 423 Withdrawal 28 USC 157 | [] 410 Antitrust |
| [] 130 Miller Act | [] 315 Airplane Product Liability | [] 365 Personal Injury—Product Liability | [] 625 Drug Related Seizure of Property 21 USC 881 | | [] 430 Banks and Banking |
| [] 140 Negotiable Instrument | [] 320 Assault, Libel & Slander | | [] 630 Liquor Laws | **PROPERTY RIGHTS** | [] 450 Commerce/ICC Rates/etc |
| [] 150 Recovery of Overpayment & Enforcement of Judgment | [] 330 Federal Employers' Liability | [] 368 Asbestos Personal Injury Product Liability | [] 640 R.R & Truck | [] 820 Copyrights | [] 460 Deportation |
| [] 151 Medicare Act | [] 340 Marine | **PERSONAL PROPERTY** | [] 650 Airline Regs | [] 830 Patent | [] 470 Racketeer Influenced and Corrupt Organizations |
| [] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [] 345 Marine Product Liability | [] 370 Other Fraud | [] 660 Occupational Safety/Health | [] 840 Trademark | [] 810 Selective Service |
| [] 153 Recovery of Overpayment of Veteran's Benefits | [] 350 Motor Vehicle | [] 371 Truth in Lending | [] 690 Other | | [] 850 Securities/Commodities/Exchange |
| [] 160 Stockholders' Suits | [] 355 Motor Vehicle Product Liability | [] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [] 875 Customer Challenge 12 USC 3410 |
| [] 190 Other Contract | [] 360 Other Personal Injury | [] 385 Property Damage Product Liability | [] 710 Fair Labor Standards Act | [] 861 HIA (1395ff) | [] 891 Agricultural Acts |
| [] 195 Contract Product Liability | **CIVIL RIGHTS** | | [] 720 Labor/Mgmt Relations | [] 862 Black Lung (923) | [] 892 Economic Stabilization Act |
| **REAL PROPERTY** | [] 441 Voting | **PRISONER PETITIONS** | [] 730 Labor/Mgmt Reporting & Disclosure Act | [] 863 DIWC/DIWW (405(g)) | [] 893 Environmental Matters |
| [] 210 Land Condemnation | [x] 442 Employment | [] 510 Motions to Vacate Sentence Habeas Corpus: | [] 740 Railway Labor Act | [] 864 SSID Title XVI | [] 894 Energy Allocation Act |
| [] 220 Foreclosure | [] 443 Housing/Accommodations | [] 530 General | [] 790 Other Labor Litigation | [] 865 RSI (405(g)) | [] 895 Freedom of Information Act |
| [] 230 Rent Lease & Ejectment | [] 444 Welfare | [] 535 Death Penalty | [] 791 Empl Ret Inc Security Act | | [] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [] 240 Torts to Land | [] 440 Other Civil Rights | [] 540 Mandamus & Other | | **FEDERAL TAX SUITS** | [] 950 Constitutionality of State Statutes |
| [] 245 Tort Product Liability | | [] 550 Other | | [] 870 Taxes (U S Plaintiff or Defendant) | [] 890 Other Statutory Actions |
| [] 290 All Other Real Property | | | | [] 871 IRS—Third Party 26 USC 7609 | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
[] 5 Transferred from another district (specify)
[] 6 Multidistrict Litigation
[] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
[] UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE 9/30/04    SIGNATURE OF ATTORNEY OF RECORD   Aimee M° Ferren

UNITED STATES DISTRICT COURT